IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRVING POLICE DEPARTMENT, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | NO. 3:13-CV-1796-M (BF) |
| RANDY ALGOE, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Having carefully reviewed the Notice of Removal and the attendant state court papers, the Court *sua sponte* determines that federal subject matter jurisdiction is lacking. Accordingly, the District Court should REMAND this case to the Texas state court from which it was removed.

**Background**

On January 11, 2013, an Irving police officer issued Defendant Randy Algoe a speeding ticket for driving 76 miles per hour in a 60 mile per hour zone. Def. Supp. (Doc. 5) at PageID 42, 43. Defendant pled not guilty to the alleged offense and insisted on a trial in Irving municipal court, Cause No. 91009480-01. *Id.* at PageID 50. On March 27, a jury found Defendant guilty and assessed punishment in the form of a $200 fine, plus court costs. *Id.* Thereafter, Defendant filed a notice of appeal and several post-trial motions in which he complained that the municipal court proceeding violated his constitutional rights to due process and equal protection. *See id*. at PageID 51-79. On May 13, Defendant filed a Notice of Removal purporting to remove the municipal court

proceeding to federal district court on grounds of federal question jurisdiction.[1] *See* Def. Rem. Not. (Doc. 3) at 2. The Court now determines that federal subject matter jurisdiction is lacking.

## Legal Standards and Analysis

The Court has an independent duty to examine the basis of its own subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal court's jurisdiction is limited, and district courts generally may hear a case only if it involves a question of federal law or where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A defendant may remove an action filed in state court to federal court only if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, Defendant asserts that federal question jurisdiction exists because the Irving municipal court deprived him of his constitutional rights, including his rights to due process and equal protection. *See* Def. Rem. Not. at 2. Defendant contends that the prosecutor had *ex parte* communications with the municipal court judge who prohibited him from fully cross-examining witnesses and from arguing that his alleged offense was a "victimless crime." *Id.* at 2-6.

---

[1] Plaintiff failed to pay the $400 removal fee or file a motion for leave to proceed *in forma pauperis*. However, granting Plaintiff additional time to pay the fee or file an appropriate motion would serve no purpose as federal subject matter jurisdiction is lacking, and the case must be remanded to state court.

Despite these assertions, the removed action does not involve any question of federal law. Neither the original traffic citation nor any other document provided to the court in support of the City's attempted enforcement of the citation refers to any federal statute or other federal law. Nor is federal law necessary to the resolution of any issue in dispute in the enforcement action. Thus, federal question jurisdiction does not exist. *Burditt v. City of Austin Mun. Court*, No. A-10 CA-444 SS, 2010 WL 2674564, at *1 (W.D. Tex. Jul. 2, 2010) (no federal question jurisdiction over municipal court case where city seeks to enforce traffic citation); *Texas v. Florence*, No. 4:06-CV-459, 2007 WL 172527, at * 1 (N.D. Tex. Jan. 18, 2007) (traffic violations are not removable to federal court).

To the extent Defendant suggests that federal question jurisdiction exists because the case involves a deprivation of his Constitutional rights, such claims arise solely out of Defendant's own allegations in his post-trial motions and the notice of removal. A federal question raised in a responsive pleading or in a notice for removal is insufficient to confer federal question jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009). *Cf. Scojo Solutions v. Mitchell*, No. 3:12-CV-3814-M, 2012 WL 5933056, at *2 (N.D. Tex. Oct. 31, 2012), *rec. adopted*, 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (remanding forcible detainer action because defendant's federal due process claim asserted in the notice of removal failed to support the exercise of federal question jurisdiction).

**Recommendation**

The Court should remand this case to the state court from which it was removed because federal subject matter jurisdiction is lacking.

**SO ORDERED**, June 24, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).